HINCKLEY VS. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

RAILROADS: CONSTITUTIONAL LAW: EXEMPLARY DAMAGES. (1) *Statute prescribing maximum rates, valid.* (2) *Removal of passenger unlawfully and with wanton violence. Exemplary damages.*
VERDICT: BILL OF EXCEPTIONS. *Presumption in favor of verdict.*

1. The validity of chapter 273 of 1874, so far as it prescribes maximum tolls for the carriage of persons and property over the railways of this state, is no longer an open question in this court.

2. Where the employees of a railroad company, in removing a passenger from its train for his refusal to pay more than the maximum prescribed by that act, commit a wanton and aggravated assault upon him, which is either authorized or approved by the company, a case is presented for exemplary damages.

3. Such an assault is alleged in the complaint and denied in the answer; and the jury, after finding specially that the plaintiff's actual damages were $600, brought in a general verdict for $1,000 in his favor. The bill of exceptions does not purport to contain all the evidence. *Held*, that the verdict will be presumed correct.

APPEAL from the Circuit Court for *Dane* County.

Hinckley vs. The Chicago, Milwaukee & St. Paul Railway Company.

The complaint in this action alleges that the plaintiff went aboard one of the defendant's trains on the 16th of May, 1874, and stated to the conductor his desire to be carried to a certain station on the line of the road, at the same time tendering him money sufficient to pay his fare to that place at the rate of three cents per mile ; that the conductor accepted the money, and conveyed the plaintiff to a station several miles short of the one named by him, when he informed the latter that if he wished to ride further he must pay an additional sum ; and that, upon the refusal of the plaintiff to pay more than three cents a mile, such conductor and other servants of the defendant company, " willfully, wrongfully, maliciously and unlawfully, did violently seize him, and did then and there assault, beat, kick and bruise " him, and violently eject him from the train. The answer admits the removal of the plaintiff from the cars, but alleges that he had refused to pay his fare at the rate established by the company for many years, and that no more force was used than was necessary to remove him.

Upon the trial, the court refused certain instructions asked on behalf of the defendant, to the effect that the company had a right to fix its own compensation for the transportation of passengers, and that chapter 273, Laws of 1874, so far as it attempted to limit that right, was unconstitutional. The jury, by a special verdict, found that the actual damages sustained by the plaintiff were $600, and then brought in a general verdict in his favor for the sum of $1,000, on which judgment was entered. From this judgment the defendant appealed. The bill of exceptions does not purport to contain all the evidence, but contains some evidence tending to show that the plaintiff was kicked by one of defendant's brakemen while being put off the cars.

*John W. Cary*, for appellant, contended that there was nothing in the case authorizing a verdict for more than the actual damages sustained, and that the judgment must be reversed for that reason.

*Gill & Foote*, for respondent, relied upon *The Attorney General v. The Railway Companies*, 35 Wis., 425, as sustaining the constitutionality of the law regulating railroad tariffs; and, on the question of damages, cited *Bass v. C. & N. W. R'y Co.*, 36 Wis., 450.

COLE, J. It is very obvious that there was no error in the refusal of the court to give the requests asked by the defendant, nor in the charge given, if chapter 273, Laws of 1874, is a valid enactment. This, in effect, is conceded by the counsel for the company. The constitutionality of that law was affirmed, after full argument and due consideration, in the case of *The Attorney General v. Railway Companies*, 35 Wis., 425, and therefore need not be further noticed.

It is however claimed that the verdict is excessive. There was a special verdict : the jury finding that the actual damage sustained by the plaintiff, as defined and explained by the court, was $600, but rendering a verdict for $1,000, on which judgment was entered. Now it is said there was nothing whatever in the case which would authorize a verdict and judgment for more than actual damages. The complaint states facts showing that the employees of the company committed a most wanton and aggravated assault upon the plaintiff while forcibly ejecting him from the cars. The answer states that the conductor, after requesting the plaintiff to pay the amount of fare demanded, or leave the cars, " removed him by force, using no more force and violence than was absolutely necessary," or than he might lawfully use for that purpose.

·What the evidence was in regard to the alleged assault of the conductor, we do not know. The bill of exceptions does not purport to contain all the testimony given on the trial. If the evidence showed a malicious and aggravated assault upon the plaintiff by the employees of the company, which act was either authorized or approved by the principal, then certainly it was a case for exemplary damages, within the rule laid down

in *Craker v. Chicago & Northwestern R'y Co.*, 36 Wis., 657. Whether, if it appeared that the company authorized the conductor to remove the plaintiff from the cars in case he did not pay the additional fare demanded, and that this was done without any aggravating circumstances, exemplary damages could be recovered, is a question we need not here determine, as it is not necessarily involved in the case. In the absence of a certificate that the bill of exceptions contains all the evidence, we must presume that the verdict was warranted by the facts and circumstances attending the assault and the action of the company in respect to it.

*By the Court.* — The judgment of the circuit court is affirmed.